**In re E.A. ADAMS, INC., Debtor.**

**ATAMIAN MANUFACTURING CORP., Plaintiff,**

v.

**CITIZENS TRUST CO., Defendant.**

**Bankruptcy No. 8200580.**
**Adv. No. 820321.**

United States Bankruptcy Court,
D. Rhode Island.

April 13, 1983.

As Corrected May 20, 1983.

Charles J. Ajootian, Providence, R.I., for plaintiff.

John F. Bomster, Adler, Pollock & Sheehan, Providence, R.I., for defendant.

## ORDER OF ABSTENTION

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Defendant, Citizens Trust Company has filed a motion to dismiss a complaint by which Atamian Manufacturing Company seeks to reclaim certain goods sold by it to the debtor. At issue is whether the Court should retain jurisdiction of this dispute. The property in question is presently in the possession of the Defendant, Citizens Trust Co. (Citizens), which has previously exercised its rights under a security agreement pursuant to a court-ordered modification of the automatic stay, 11 U.S.C. § 362.

The relevant facts appear briefly as follows: E.A. Adams, Inc. filed a Chapter 11 petition on July 2, 1982, and four days later the case was converted to one under Chapter 7. On July 8, 1982, Citizens Trust Co. filed a complaint for relief from the automatic stay in order to reclaim property subject to various mortgages and security interests. With the trustee consenting,[1] an order granting such relief was entered on July 8, 1982, without notice, however, to Atamian.

On July 12, 1982 Atamian filed the instant complaint, seeking reclamation of certain jewelry findings, which it alleges are in the possession of Citizens Trust Co. Citizens requests dismissal, arguing (1) that

---

1. Based upon the pleadings and the representations of the parties to that proceeding, it was the conclusion of the Court that there was no equity in the collateral after Citizens' secured claim.

this Court lacks subject matter jurisdiction over a reclamation proceeding between competing creditors, or (2) that in the exercise of its discretion the Court should abstain, allowing the matter to be litigated in state court.

When this case was taken under advisement, subject matter jurisdiction existed pursuant to 28 U.S.C. § 1471(c). Since that time, of course, that statutory provision has been held to be unconstitutional in the case of *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982).

▇ The authority of the Bankruptcy Court is now derived from the emergency rule pursuant to which the United States District Court refers "all cases under title 11 and all civil proceedings arising under title 11 or arising in or related to cases under title 11" to the bankruptcy judge. Local Rule 53(C)(1), United States District Court for the District of Rhode Island. Because this case is presently pending in the Bankruptcy Court solely by virtue of the rule,[2] the parties' arguments based on prior case law and the provisions of 28 U.S.C. § 1471(c) are irrelevant. Consequently, Citizens' motion to dismiss will not be considered, and we look only to its argument based on abstention.

2. This decision is entered in accordance with the rule adopted by the United States District Court for the District of Rhode Island pursuant to an order of the Circuit Council for the First Circuit, effective December 25, 1982. We follow the lead of the Circuit Council in declining to "pre-commit ourselves on any legal or constitutional questions which may arise concerning this rule." Order of the Circuit Council for the First Circuit (December 22, 1982).

3. Local Rule 53 provides that "the courts of bankruptcy and procedure in bankruptcy shall continue to be governed by Title IV of Public Law 95–598 ... to the extent that such Title ... [is] not inconsistent with the holding of *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*" Rule 53(G), United States District Court for the District of Rhode Island. For the purpose of this decision only, we adopt the reading of *Marathon* which concluded that the decision struck down only those provisions of 28 U.S.C. § 1471 that establish jurisdiction in the bankruptcy courts. *Braniff Airways, Inc. v. Civil Aeronautics Board (In re Braniff*

▇ Citizens' request that the Court abstain from hearing this proceeding has been given careful consideration, and is granted. 28 U.S.C. § 1471(d)[3] provides:

Subsection (b) or (c) of this section does not prevent a district court or a bankruptcy court, in the interest of justice, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11. Such abstention, or a decision not to abstain, is not reviewable by appeal or otherwise.

The instant complaint involves a dispute over the priority of interests in property between an Article 9 alleged secured party, and a creditor seeking reclamation. The subject property has previously been reclaimed by Citizens, and the outcome of this litigation could not possibly have any effect upon the estate.[4] The debtor asserted no interest in the property during the brief period when this was a Chapter 11 case, nor has the trustee claimed any interest therein since the conversion to Chapter 7.[5] This dispute is strictly one between Atamian and Citizens, it involves no property of the estate, and it would not be in the interest of justice to have the proceeding heard in the bankruptcy court.

*Airways, Inc.),* 27 B.R. 231, 10 B.C.D. 30 (N.D. Tex.1983) *aff'd,* 700 F.2d 214 (5th Cir.1983).

4. Atamian argues that its rights must be litigated in this forum because it may be entitled to have its claim granted as an administrative expense or secured by a lien pursuant to 11 U.S.C. § 546(c). Assuming, arguendo, that there is merit to that contention, this is presently a no asset case, so that argument is moot. Even if the trustee is successful in collecting assets, the Court would still abstain, without prejudice to Atamian's right to assert a priority claim in the bankruptcy court upon the successful resolution elsewhere of its dispute with Citizens.

5. In fact, in another adversary proceeding involving a complaint for reclamation of other property in Citizens' possession, A.P. No. 820375, the trustee's counsel stated that even if the proceeding were not dismissed and the July 8, 1982 consent order granting possession of collateral to Citizens was vacated, the trustee would move to abandon the property.

Additionally, since the complaint concerns a question of priorities as between an alleged secured creditor and a reclaiming creditor which should be determined according to state commercial code provisions, that question is best left for decision by the Rhode Island state court in the present circumstances.

Accordingly, we abstain.